**SILVERMANACAMPORA LLP**  
Attorneys for Kenneth P. Silverman, Esq.,  
  Chapter 7 Trustee  
100 Jericho Quadrangle, Suite 300  
Jericho, New York 11753  
(516) 479-6300  
Anthony C. Acampora  
Brian Powers  

**Presentment Date: October 27, 2015**  
**Time:  12:00 p.m.**  

**Objections Due:   October 20, 2015**  
**Time:  4:00 p.m.**  

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
---------------------------------------------------------------x  
In re:

COLONIAL HOLDINGS, LLC,

                      Debtor.  
---------------------------------------------------------------x

Chapter 7  
Case No.: 14-75558 (AST)

### NOTICE OF PRESENTMENT OF AN ORDER  
### UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE  
### 9019(a) APPROVING THE STIPULATION OF SETTLEMENT  
### BETWEEN THE TRUSTEE AND TIME MANAGEMENT CORPORATION

**PLEASE TAKE NOTICE**, that upon the annexed motion (the "Motion"), Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") for the estate of Colonial Holdings, LLC, by his counsel, SilvermanAcampora LLP, will present a proposed order before the Honorable Alan S. Trust, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, located at the Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Courtroom 960, Central Islip, New York 11722 on **October 27, 2015 at 12:00 p.m.**, approving a Stipulation of Settlement between the Trustee and Time Management Corporation. A copy of the proposed order (the "Order") is attached to the Motion as **Exhibit 1.**

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Motion or the Order must be (i) filed with the Court electronically in accordance with General Order 559 by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York, with a hard copy delivered directly to the Chambers of the Honorable Alan S. Trust, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New York,

Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Courtroom 960, Central Islip, New York 11722; and (ii) mailed to: (a) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Brian Powers, Esq.; (b) Cole Schotz, P.C., counsel for Time Management Corp., 900 Third Avenue, 16th Floor, New York, New York 10002, Attn: Laurence May, Esq., and (c) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722, no later than **October 20, 2015 at 5:00 p.m.**

**PLEASE BE ADVISED, that if an objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such hearing will be provided by the applicant.**

**PLEASE BE ADVISED, that if no objection is received by the Objection Deadline, the order may be signed without a hearing.**

Dated: Jericho, New York
     September 30, 2015

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
the Chapter 7 Trustee

By:   *s/ Anthony C. Acampora*
     Anthony C. Acampora
     A Member of the Firm
     100 Jericho Quadrangle, Suite 300
     Jericho, New York 11753
     (516) 479-6300

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
  Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Anthony C. Acampora
Brian Powers

**Presentment Date: October 27, 2015**
**Time:  12:00 p.m.**

**Objections Due:   October 20, 2015**
**Time:  4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

COLONIAL HOLDINGS, LLC,

                           Debtor.
-----------------------------------------------------------------x

Chapter 7
Case No.:  14-75558 (AST)

### MOTION FOR AN ORDER
### UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE
### 9019(a) APPROVING THE STIPULATION OF SETTLEMENT
### BETWEEN THE TRUSTEE AND TIME MANAGEMENT CORPORATION

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the estate of Colonial Holdings, LLC (the "Debtor"), by his attorneys SilvermanAcampora LLP, respectfully submits this motion (the "Motion") under 11 U.S.C. §105 and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form annexed hereto as **Exhibit 1**, approving the settlement between the Trustee and Time Management Corporation ("TMC") as memorialized in the stipulation (the "Stipulation"), which is annexed hereto as **Exhibit 2.**  All parties are encouraged to review the Stipulation in its entirety for the specific terms of the settlement.

### **Background**

<u>The Lease</u>

1.      On January 31, 2003, the Debtor and TMC entered into a Lease and Agency Agreement (the "Lease") whereby (a) the Debtor leased the real property known as and located at 591 and 595 Stewart Avenue, Garden City, New York (the "Property") from TMC for a period of fifty (50) years, (b) TMC appointed the Debtor as exclusive managing agent for the Real Property, and (c) the Debtor acquired an option to purchase the Real Property from TMC.

2. As security for the Lease, the Debtor provided TMC with a security deposit in the aggregate amount of $7.5 million ($7,500,000.00) dollars (the "Security Deposit").

3. After the execution of the Lease, in or about 2011, the Debtor defaulted on its obligations under the Lease and TMC took steps to terminate all of the Debtor's rights thereunder.

The Debtor's Bankruptcy Filing

4. On December 17, 2014, the Debtor filed a voluntary petition for relief under chapter 7 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

5. By Notice of Appointment, Kenneth P. Silverman, Esq., was appointed as the interim chapter 7 of the Debtor's estate, has since duly qualified, and is the permanent trustee in this case.

6. Pursuant to an order of the Bankruptcy Court dated January 25, 2015, the Trustee served a subpoena on TMC demanding that TMC produce documents relating to the operation and management of the Property and that it appear for an examination under oath. TMC objected to the subpoena and the Bankruptcy Court has not issued a final ruling on the objection.

7. The Trustee has alleged in pleadings filed with the Bankruptcy Court that the Lease is extant and has not been terminated. Accordingly, the Trustee believes that, pursuant Bankruptcy Code §541, the Lease is property of the Debtor's estate and that, pursuant to Bankruptcy Code §365, the Trustee has the right to cure any defaults under the Lease and to assume and assign the estate's interests thereunder.

8. The Trustee asserts that all or part of the Security Deposit is property of the Debtor's estate. TMC contests the Trustee's claim that the estate has an interest in the Security Deposit.

9. Based the Trustee's review of the available documentation and his investigation of all attendant factors, the Trustee has, in his business judgment, agreed to settle his disputes

2

with TMC as described in the Stipulation.  The Stipulation represents the reasonable exercise of the Trustee's business judgment and is in the best interest of the Debtor's estate.

## The Settlement

10. The Trustee has determined that the settlement under the Stipulation is the most economical and efficient way to realize a meaningful recovery for the creditors' benefit without incurring additional legal fees and without the risks inherent with litigation.

11. Under the Stipulation, (a) TMC acknowledges that the Lease has not been terminated and that the Trustee has the right to assume and assign the Lease and his interests thereunder pursuant to Bankruptcy Code §365, and (b) the Trustee acknowledges that in order to assume the Lease, he would have to cure all pre-and post-petition monetary defaults, the amount of which is disputed by TMC and the Trustee, but exceeds $4 million.  Once the Stipulation has been approved by a final and non-appealable order of the Bankruptcy Court: (a) the Lease shall be deemed assumed by the Trustee and simultaneously assigned to Grand Metro Builders of N.Y. Corp. ("Grand Metro"), or its assignee pursuant to an assignment of Lease; (b) TMC shall waive all pre- and post-petition defaults under the Lease and, upon execution of the assignment of the Lease, all defaults shall be deemed cured under Bankruptcy Code §§365(b)(1) and (2); (c) TMC agrees that it shall not file a proof of claim in Colonial's chapter 7 case and that it shall not be entitled to receive any distributions from the Estate; and (d) the Trustee shall waive any and all claims that the Debtor's estate may have with respect to certain tax refunds due with respect to taxes paid on the Property.

12. Further, Grand Metro shall pay the Trustee $82,500 in consideration of the assignment of the Lease to it or its assignee and the parties shall exchange releases.

## Basis for Relief Requested

13. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") governs the approval of compromises and settlements, and provides as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors,

3

> the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

FED. R. BANKR. P. 9019(a).

14. In approving the compromise and settlement, the Court is required to make an "informed and independent judgment" as to whether the compromise and settlement is fair and equitable based on an:

> [e]ducated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.[1]

15. In making its determination on the "propriety of the settlement," the Court should consider whether the proposed settlement is in the "best interest of the estate."[2] As stated in *Arrow Air,* the "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion."[3] In passing upon a proposed settlement, "the bankruptcy court does not substitute its judgment for that of the trustee."[4] The bankruptcy court is not required "to decide the numerous questions of law and fact raised by [objectors] . . . . [R]ather [the Court should] canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness."[5] In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel."

---

[1] *In re Iridium Operating LLC*, 478 F.3d 452, 462 n.15 (2d Cir. 2007) (quoting *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425, reh'g denied, 391 U.S. 909 (1968)). See *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988); *In re Bell & Beckwith*, 77 B.R. 606, 611 (Bankr. N.D.Ohio), aff'd, 87 B.R. 472 (N.D.Ohio 1987); *Cf. Magill v. Springfield Marine Bank (In re Heissinger Resources Ltd.)*, 67 B.R. 378, 383 (C.D. Ill. 1986) ("the law favors compromise").

[2] *Handler v. Roth (In re Handler)*, 386 B.R. 411, 420 (Bankr. E.D.N.Y. 2007)(quoting *In re Adelphia Communications Corp.*, 327 B.R. 143, 158 (Bankr. S.D.N.Y. 2005)); *Depo v. Chase Lincoln First Bank, N.A.* (In re Depo), 77 B.R. 381, 383 (N.D.N.Y. 1987), *aff'd*, 863 F.2d 45 (2d Cir. 1988).

[3] *Arrow Air,* supra, 85.B.R. at 891.

[4] *In re Depo*, 77 B.R. at 384 (citations omitted).

[5] *Bell & Beckwith*, 77 B.R. at 612; see also *In re Handler*, 386 B.R. at 421.

4

16. The Second Circuit in *In re Iridium Operating LLC*[6] outlined the following seven factors (the "Iridium Criteria") to be considered by a court in deciding whether to approve a compromise or settlement:

   i. the balance between the litigation's possibility of success and the settlement's present and future benefits;

   ii. the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment if the settlement is not approved;

   iii. the paramount interest of the creditors, including the proportion of class members who do not object to or who affirmatively support the settlement;

   iv. whether other parties in interest support the settlement;

   v. the competency and experience of the counsel who support the proposed settlement;

   vi. the relative benefits to be received by individuals or groups within the class; and

   vii. the extent to which the settlement is the product of arm's length bargaining.[7]

17. The Stipulation is a product of extensive arm's length bargaining and exceeds the lowest range of reasonableness consistent with the applicable law.

18. The Stipulation results in an immediate and substantial payment to the Estate resolving complex and fact intensive claims between the parties which, if litigated, would involve significant delay and expense and would likely result in further appellate practice. Additionally, the Stipulation resolves any and all lease rejection and other claims by TMC that may be asserted against the Estate, which could be substantial.

---

[6] 478 F.3d 452, 462 (2d Cir. 2007).

[7] *See In re Iridium Operating LLC*, 478 F.3d at 462; *See also In re Handler*, 386 B.R. at 421.

5

19. Moreover, the Parties are represented by competent and experienced counsel. Additionally, the Trustee does not anticipate that any of the Debtor's creditors will object to Stipulation or the relief requested in this Motion.

20. The Trustee believes that the only alternative to settlement agreed upon in the Stipulation would be to litigate with TMC over lease assumption and other issues. Not only would such a litigation be costly and protracted, but in order for the Trustee to assume the Lease and exercise his rights thereunder, including a possible purchase option for the Property, he would have first had to cure all of the Debtor's defaults under the Lease. TMC has calculated the monetary defaults to be in excess of $4 million, and while the Trustee disagrees as to the exact amount needed to cure those defaults, he recognizes that they are quite large and potentially beyond the estate's ability to cure.

21. The Trustee has also considered TMC's arguments that, under the Lease, TMC was not required to segregate the Security Deposit, had the right to offset the Security Deposit against any monetary default by the Debtor, and that the Security Deposit had been fully exhausted prior to the Petition Date. Although the Trustee disagrees with TMC's characterization of the Security Deposit, the Trustee believes that the settlement embodied in the Stipulation eliminates the need for protracted litigation, of which the outcome is uncertain.

22. With respect to the disputed tax refund that the Trustee releases under the Stipulation, the Trustee was provided with documentation from TMC which showed, to his reasonable satisfaction, that the taxes for which a refund was awarded were paid by TMC. Accordingly, the Trustee believes that he would have substantial difficulties in pursuing a claim to such refunds.

23. Finally, under the Stipulation TMC agrees not to assert claim any claim against the Debtor's estate and to not participate in any distributions made by the Trustee in the Debtor's case. TMC's counsel has advised the Trustee that TMC's claims in this case would be well in excess of seven figures and, if allowed, would materially dilute recoveries for other

creditors. Elimination of these claims was a material consideration in agreeing to the Stipulation.

24. The Trustee submits that, considering the costs and uncertainties associated with further litigation, trial, and appeal, the proposed settlement is both appropriate and warranted. The Trustee believes that the settlement is fair and equitable and in the best interest of the estate.

### Notice

25. The Trustee has served the Notice of this Motion, the proposed Order, and the Motion (with Exhibits) upon: (i) the Office of the United States Trustee; (ii) TMC, through its counsel; (iii) the members of the Debtor as identified in the schedules filed in this case; and (iv) all parties entitled to notice pursuant to Bankruptcy Rule 2002(a). The Trustee submits that such notice is sufficient under the circumstances. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court grant this Motion approving the Stipulation and grant such other further and different relief as this Court deems just and proper.

Dated: Jericho, New York
September 30, 2015

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
the Chapter 7 Trustee

By:   *s/ Anthony C. Acampora*
Anthony C. Acampora
A Member of the Firm
100 Jericho Quadrangle-Suite 300
Jericho, New York 11753
(516) 479-6300