# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Case No. 14-75558 (AST) |
| | Chapter 7 |
| COLONIAL HOLDINGS, LLC, | STIPULATED SETTLEMENT AND COMPROMISE |
| Debtor. | |

This Stipulated Settlement and Compromise ("Stipulation") is entered into by Kenneth P. Silverman, the Trustee (the "Trustee") of the Chapter 7 Estate of Colonial Holdings, LLC ("Colonial" or "Debtor") and Time Management Corporation ("TMC") as of this 21st day of September, 2015.

## RECITALS:

A. TMC and Colonial entered into a Lease and Agency Agreement (the "Lease") dated as of January 31, 2003 pursuant to which TMC leased 591 and 595 Stewart Avenue, Garden City, New York (the "Property") to Colonial for a period of fifty (50) years.

B. Colonial defaulted on its obligations under the Lease and TMC took steps to terminate all of Colonial's rights thereunder prior to the filing of Colonial's chapter 7 petition on December 17, 2014 with the United States Bankruptcy Court for the Eastern District Of New York (the "Bankruptcy Court").

C. The filing of a chapter 7 petition by Colonial created an estate consisting of all property, as defined in section 541 of the Bankruptcy Code, of Colonial ("the Estate"). Thereafter, Kenneth P. Silverman, Esq. was appointed the interim trustee of the Debtor's estate and has since duly qualified and is the permanent trustee in this case.

D. Pursuant to an order of the Bankruptcy Court dated January 25, 2015, the Trustee served a subpoena on TMC demanding that TMC produce documents relating to the operation

53369/0002-12166401v2

and management of the Property and that it appear for an examination under oath. TMC objected to the subpoena and the Bankruptcy Court has not issued a final ruling on the objection.

  E. The Trustee has alleged in pleadings filed with the Bankruptcy Court that the Lease is extant, that it has not been terminated and that pursuant to section 541 of the Bankruptcy Code, the Lease is property of the Estate and that pursuant to section 365 of the Bankruptcy Code, the Trustee has the right to cure any defaults under the Lease and to assume and assign the Estate's interests there under.

  1. The Trustee has also asserted that all or part of the monies deposited by the Debtor as security for its obligations under the Lease are part of the Estate. He has also asserted a claim to certain taxes on the Property which were refunded to TMC

  F. TMC contests the Trustee's claim that the Estate has an interest in the security deposits and maintains that the refunds are of taxes paid by TMC because of the Debtor's default.

  G. In order to avoid the costs, delays and uncertainties of any litigation between TMC and the Trustee with respect to the Lease, including but not limited to whether: (i) the Lease has been terminated; (ii) the Lease can be assumed and assigned; and (iii) the Estate has an interest in the security deposit, TMC and the Trustee have agreed as follows:

  1. This Stipulation constitutes a compromise or settlement within the meaning of Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),. Approval of this Stipulation shall constitute a finding by the Bankruptcy Court that the Stipulation and the terms contained therein are fair and reasonable and are in the best interests of the Debtor's estate and are consistent with the Trustee's duties as the Estate's fiduciary.

2.  Consistent with Rule 9019 of the Bankruptcy Rules, this Stipulation shall be submitted to the Bankruptcy Court for approval on notice to all parties required to receive notice under Rule 2002(a) of the Bankruptcy Rules, all members of the Debtor and such other entities as the Bankruptcy Court might direct.

3.  For purposes of this Stipulation, TMC acknowledges that the Lease has not been terminated and that the Trustee has the right to assume and assign the Lease and his interests there under pursuant to section 365 of the Bankruptcy Code.

4.  For purposes of this Stipulation, the Trustee acknowledges that in order to assume the Lease, he would have to cure all pre-and post-petition monetary defaults, the amount of which is disputed by TMC and the Trustee, but exceeds $4,000,000.

5.  Upon entry of an order of the Bankruptcy Court, substantially in the form of Exhibit A hereto, and which is no longer subject to appeal, or if appealed, has been affirmed on appeal without material modification, and is not subject to a further appeal:

(i) the Lease shall be deemed assumed by the Trustee and simultaneously assigned to Grand Metro Builders of N. Y. Corp. ("Grand Metro") or its assignee pursuant to an assignment of Lease in the form attached as Exhibit A hereto;

(ii) TMC shall waive all pre- and post-petition defaults and upon execution of the assignment of the Lease, all defaults shall be deemed cured under section 365(b)(1) and (2) of the Bankruptcy Code;

(iii) TMC agrees that it shall not file a proof of claim and that it shall not be entitled to receive distributions from the Estate;

(iv) Grand Metro shall pay the Trustee $82,500 in consideration of the assignment of the Lease to it or its assignee;

(v) the Trustee shall be deemed to have released and forever discharged TMC, its officers, directors, affiliates, subsidiaries, parent, agents and shareholders (the "TMC Releasees") from any and all claims, demands, damages, costs, expenses and causes of action arising from any act or occurrence prior to the date of this Stipulation that he, the Debtor, and the Estate have, whether known, unknown, contingent or not contingent, direct or derivative, arising in law or equity that the Debtor, the Trustee and the Estate have against the TMC Releasees;

(vi) TMC shall be deemed to have released and forever discharged the Trustee and the Estate and their agents and representatives, (the "Trustee Releasees") from any and all claims, demands, damages, costs, expenses and causes of action arising from any act or occurrence prior to the date of this Stipulation that TMC has, whether known, unknown, contingent or not contingent, direct or derivative, arising in law or equity against the Trustee Releasees provided, however, for the avoidance of doubt this release shall not include any claims, demands, damages, costs, expenses or causes of action that TMC has or may have against any officer, employee, member, shareholder, agent, attorney or representative of Colonial.

Dated: September 21, 2015

Kenneth P. Silverman
Chapter 7 Trustee for the
Estate of Colonial Holdings, LLC

Time Management Corporation

By: _____
George Cacoulidis
Its: Chief Operating Officer

4