**COLE SCHOTZ P.C.**
A Professional Corporation
900 Third Avenue, 16th Floor
New York, NY 10022
Laurence May, Esq.
(212) 752-8000 (Phone)
(212) 752-8393 (Fax)
lmay@coleschotz.com

*Counsel for Time Management Corporation*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>COLONIAL HOLDINGS, LLC,<br><br>Debtor. | Case No. 14-75558 (AST)<br><br>Chapter 7 |

**REPLY OF TIME MANAGEMENT CORPORATION IN FURTHER SUPPORT OF TRUSTEE'S MOTION APPROVING SETTLEMENT AGREEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND IN RESPONSE TO THE LIMITED OBJECTIONS OF COLONIAL HOLDINGS, LLC ("DEBTOR") AND RUBIN AND LICATESI, LLP**

Time Management Corporation ("TMC") by its attorneys Cole Schotz P.C., as and for its response (the "Response") to certain limited objections by the Debtor and R&L, as hereinafter defined, to the motion of Kenneth B. Silverman, Chapter 7 Trustee for the Estate of Colonial Holdings, LLC (the "Trustee") for an order approving a stipulation of settlement between the Trustee and TMC, respectfully represents as follows:

1. Two limited objections to the Motion have been filed, one by Richard Rubin, his law partner Anthony Licatesi and their law firm Rubin & Licatesi, LLP (collectively "R&L"), tenants at the property known as 591-595 Stewart Avenue, Garden City, New York (the "Property"), and another purportedly on behalf of the Debtor. Neither of the objectors opposes the Motion. Both, however, request that any order signed by the Court should include provisions

extraneous to the relief sought, which the objectors seem to think will benefit them. Respectfully, the Court should not accept the invitations to burden the approval order with unnecessary and immaterial provisions.

2.  The Debtor asks the Court to withhold approval of the settlement unless TMC provides it with financial information relating to the operation of the Property for 2014 and 2015. Because the lease dated January 31, 2003 between the Debtor and TMC (the"Lease") is still extant, the Debtor believes that it can pass through the Property's operational losses for these years to its members to reduce their income tax liabilities. While the issue of which entity or entities are entitled to deduct these losses on their tax returns is clearly not before the Court, we point out that because the shortfalls between income and expenses for the Property for 2014 and 2015 were funded by TMC, the loss deductions should belong to it and not the Debtor's members who never advanced any monies to fund the losses.

3.  Messrs. Rubin and Licatasi are, as it happens, members of the Debtor with a combined equity ownership of 16.667%. Because the Debtor's objection is founded on the argument that the Lease has not been terminated, it is plainly at odds with the R&L objection which claims that the Lease has been terminated. While TMC is not privy to what if any role R&L, as significant owners of the Debtor, played in the Debtor's decision to file an objection, R&L cannot be blind to the fact that they are effectively presenting inconsistent positions to the Court and requesting an approval order which would incorporate these inconsistencies to R&L's material benefit.

4.  If the Debtor believes that it has the right of access to TMC's books and records, it should make a proper motion or commence a proper proceeding. Its objection has no place in

53369/0002-12414898v1

the context of this Motion to approve a settlement agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.      TMC also submits that the changes that R&L want to the order are unwarranted. R&L is of the view that it is entitled to as much as $1,500,000 as an "equitable distribution" from the Property to be paid at some undefined time, and conditioned on the termination of the Lease. Unlike the Debtor and the Trustee, they contend that the Lease was terminated pre-petition and are concerned that the order approving the settlement may "directly impact [R&L's] rights to enforce" an agreement with TMC they call the "Letter Agreement." And while supporting, either expressly or impliedly, the insertion of language in the order which would require the Court to find that the Lease was not terminated, they ask for a "reservation of rights" provision to the effect that this Court is not making any findings on this issue. This would permit them to try to take the losses from the Lease to reduce their income taxes and to argue at a later date and in another court that the Lease was terminated.[1]

6.      The proposed order contains no findings one way or another and is thus neutral on the issue. It provides only that the settlement is approved and it is binding. It does not prejudice R&L nor does it unfairly advantage TMC. The proposed order will no longer be neutral, however, if the requests the made by the Debtor and R&L are added. TMC will then be required to provide substantial financial information to the Debtor, some of which may be confidential,

---

[1] In actual fact, R&L has no "equitable" interest in the Property because of its multiple breaches of its lease. ["In the event that the Tenant shall breach its lease, it shall forfeit its equitable interest if such default is not cured within thirty (30) days of written notice of default." See Exhibit A to R&L's Limited Objection and Reservation of Rights dated October 20, 2015. See also Exhibit A hereto which consists of multiple notices of breaches of the lease served on R&L by TMC.

and which might be shared with R&L, while R&L will claim that this Court expressly did not find that the Lease was assumable.

7. For these reasons, TMC respectfully request that the Court enter the order proposed by the Trustee and attached to the Motion.

Dated: New York, New York  
      October 26, 2015

Respectfully submitted,

COLE SCHOTZ P.C.  
Attorneys for Time Management Corporation

By: _____  
Laurence May, Esq.  
900 Third Avenue, 16th Floor  
New York, NY 10022-4728  
(212) 752-8000

4

# EXHIBIT "A"

(516) 997-4210

April 16, 2015

Mr. Richard Rubin
Rubin & Licatesi, LLP
591 Stewart Avenue
Suite 400
Garden City, NY 11530

Re: Lease Agreement Dated November 1, 2007

Dear Mr. Rubin:

This correspondence shall serve as written notice of Rubin & Licatesi, LLP default in the payment of rent and additional rent under the Lease as follows:

| Date | Description | Ref # | Amount | Amount Due | Amount Paid |
|---|---|---|---|---|---|
| 01/01/2015 | Additional Rent: CAM Reconciliation | 2014 RE Tax Reconciliation | $11,566.74 | $11,566.74 | $0.00 |
| 01/01/2015 | Additional Rent: CAM Deposit | 2015 RE Tax Deposit | $963.89 | $963.89 | $0.00 |
| 02/01/2015 | Additional Rent: CAM Deposit | 2015 RE Tax Deposit | $963.89 | $963.89 | $0.00 |
| 03/01/2015 | Additional Rent: CAM Deposit | 2015 RE Tax Deposit | $963.89 | $963.89 | $0.00 |
| 04/01/2015 | Additional Rent: CAM Deposit | 2015 RE Tax Deposit | $963.89 | $963.89 | $0.00 |

Total due this notice: $15,422.30

Failure to immediately pay the amount of rent and additional rent now due shall result in the Landlord pursuing all legal remedies.

Very truly yours,

Time Management Corp.

Ridy Mendoza

25 South Service Road    Suite 300

(516) 997-4210

June 15, 2015

Mr. Richard Rubin
Rubin & Licatesi, LLP
591 Stewart Avenue
Suite 400
Garden City, NY 11530

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Rubin + Licatesi LLP
Att: Richard Rubin
591 Stewart Ave
Suite 400
Garden City, N.Y.
11530

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X Kathy Henry  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)  C. Date of Delivery
Kathy Henry
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☒ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7011 0470 0002 1375 3076

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

Re:   Lease Agreement Dated September 1, 2009

Dear Mr. Rubin:

This correspondence shall serve as written notice of Rubin & Licatesi, LLP default in the payment of rent and additional rent under the Lease as follows:

| Date | Description | Ref # | Amount | Amount Due | Amount Paid |
|---|---|---|---|---|---|
| 01/01/2015 | Additional Rent: CAM Reconciliation | 2014 RE Tax Reconciliation | $11,566.74 | $11,566.74 | $0.00 |
| 01/01/2015 | Additional Rent: CAM Deposit | 2015 RE Tax Deposit | $963.89 | $963.89 | $0.00 |
| 02/01/2015 | Additional Rent: CAM Deposit | 2015 RE Tax Deposit | $963.89 | $963.89 | $0.00 |
| 03/01/2015 | Additional Rent: CAM Deposit | 2015 RE Tax Deposit | $963.89 | $963.89 | $0.00 |
| 04/01/2015 | Additional Rent: CAM Deposit | 2015 RE Tax Deposit | $963.89 | $963.89 | $0.00 |
| 05/01/2015 | Additional Rent: CAM Deposit | 2015 RE Tax Deposit | $963.89 | $963.89 | $0.00 |
| 05/31/2015 | Late Fee | | $1,365.91 | $1,365.91 | $0.00 |
| 06/01/2015 | Rent | | $27,318.18 | $4,636.36 | $22,681.82 |
| 06/01//2015 | Additional Rent: CAM Deposit | 2015 RE Tax Deposit | $963.89 | $963.89 | $0.00 |

**Balance due this notice: $23,352.35**

Failure to immediately pay the amount of rent and additional rent now due shall result in the Landlord pursuing all legal remedies.

Very truly yours,

Time Management Corp.

*Ridy Mendoza*

25 South Service Road   Suite 300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

7011 0470 0002 1375 3076

Postage  $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees  $

Postmark Here  JUN 23 2015

Sent To: Rubin + Licatesi LLP
Street, Apt. No. or PO Box No. 591 Stewart Ave, Suite 400
City, State, ZIP+4 Garden City, NY 11530