UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

COLONIAL HOLDINGS, LLC,

                Debtor.
----------------------------------------------------------------x

Chapter 7
Case No.: 14-75558-AST

## ORDER APPROVING SETTLEMENT BETWEEN THE TRUSTEE AND TIME MANAGEMENT CORPORATION

On September 30, 2015, Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the estate of Colonial Holdings, LLC (the "Debtor"), by his counsel, filed a Notice of Presentment and related documents (collectively, the "Motion") seeking entry of an order approving a Stipulation of Settlement between the Trustee and Time Management Corporation (the "Stipulation"). [dkt item 37] Objections to the Stipulation were filed by Debtor and by Richard Rubin, Anthony Licatesi and Rubin & Licatesi, LLP. [dkt items 40 & 43] Sufficient notice of the Motion has been given.

A hearing was held on December 1, 2015 (the "Hearing"). The Court found that settling the dispute between the estate and Time Management Corporation on the economic terms as described in the Stipulation is reasonable, in the best interest of the Debtor's estate, and constitutes a reasonable exercise of the Trustee's business judgment. Upon consideration of the Motion, the objections and the arguments made at the Hearing, and after due deliberation and consideration, and it appearing that good and sufficient cause exists for granting the Motion on the terms set out herein, and for the reasons stated at the Hearing, it is hereby

**ORDERED**, that in order to ensure a dividend is available for all creditors of this estate, the Motion is granted as set forth herein; and it is further

**ORDERED**, that the Court is not making any findings of fact or conclusions of law regarding whether Debtor and TMC entered into a Lease and Agency Agreement (the "Lease"),

whether the Lease was breached by any party, whether the Lease was terminated by any party, and whether the estate owns any rights under the Lease that may be assumed and assigned; and it is further

**ORDERED**, that the Trustee is authorized to take such steps, execute such documents and expend such funds as may be reasonably necessary to implement the terms of the Stipulation and this Order without further order of the Court, including assigning to Time Management Corporation, Grand Metro Builders of N.Y. Corp. or their assignee or designee any such right, title and interest as the estate owns or holds in or under the Lease; and it is further

**ORDERED**, that nothing contained in the Stipulation or this Order shall affect the obligation of Time Management Company, if any, to provide information to the Trustee that may be reasonably necessary for the Trustee and/or Debtor to prepare and file tax returns for the years 2014 and 2015.

**Dated: December 1, 2015**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**