UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
In re:                                                                                                Chapter 7

COLONIAL HOLDINGS, LLC,                                              Case No. 14-75558 (AST)

                            Debtor.

------------------------------------------------------------------ X

## ORDER AUTHORIZING COLONIAL HOLDINGS, LLC TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING COLONIAL HOLDINGS, LLC TO EXAMINE [TIME MANAGEMENT COMPANY

Upon the *ex parte* motion, dated August 25, 2016, (the "Motion"), of Colonial Holdings, LLC, through their counsel, Macco & Stern, LLP, (the "Movant") pursuant to Bankruptcy Rule 2004, for an order authorizing the Movant to issue subpoenas for the production of documents and to examine Time Management Company (the "Witness") as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is

      **ORDERED**, that the Motion is granted on the terms set forth herein; and it is further

      **ORDERED**, that the Movant is authorized under Bankruptcy Rules 2004 and 9016, to issue such subpoenas as may be necessary to compel the production of documents and the

testimony of the Witness in connection with the administration of this Chapter 7 case; and it is further

**ORDERED**, that unless otherwise agreed to by the Movant, the Witness shall have fourteen (14) days from the service of a subpoena to either (1) produce to the Movant all responsive documents requested in the Movant's subpoena, other than those documents withheld under a claim of privilege or (2) file with this Court an objection or response to the subpoena with a hearing promptly scheduled; and it is further

**ORDERED**, that unless otherwise agreed to by the Movant, if the Witness withholds any documents from the production based upon a claim of privilege, the Witness is directed to provide counsel for the Movant with a privilege log, containing the information required under Bankruptcy Rule 7026 and E.D.N.Y. L.B.R. 7026-1, within fourteen (14) days of the service of a subpoena on the Witness; and it is further

**ORDERED**, that the Witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Movant, in no event more than fifteen (15) days from the date of the service of a deposition subpoena upon the Witness; and it is further

**ORDERED**, that nothing herein shall limit the rights of the Witness under applicable law to object to or oppose any subpoena the Movant may serve upon the Witness; and it is further

**ORDERED**, that in accordance with Bankruptcy Rules 2004 and 9016, (i) the Clerk of this Court shall issue subpoenas, signed, but otherwise in-blank, as requested by the Movant, or (ii) provided that counsel for the Movant is authorized to practice in this Court, counsel may issue and sign the subpoenas; and it is further

**ORDERED**, that the Movant shall file with the Court an affidavit or declaration of service for each subpoena Movant serves; and it is further

**ORDERED**, that this Order is without prejudice to the Movant's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law; and it is further

**ORDERED**, that this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.



**Dated: September 23, 2016**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**