UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

COLONIAL HOLDINGS, LLC,

Debtor.

Case No. 14-75558 (AST)

Chapter 7

## ORDER COMPELLING TIME MANAGEMENT CORP. TO PRODUCE DOCUMENTS

Upon *ex parte* motion dated August 25, 2016 (the "Motion"), of Colonial Holdings, LLC (the "Debtor"), through its counsel, Macco & Stern, LLP (the "Movant") pursuant to Bankruptcy Rule 2004, for an Order authorizing the Movant to issue subpoenas for the production of documents and to examine Time Management Corp. (the "Witness") as more fully set forth in the Motion; and the Court's Order (the "2004 Order") entered September 23, 2016; and the Movant having issued a subpoena (the "Subpoena") dated September 26, 2016 pursuant to the 2004 Order; and the Witness' objection (the "Objection") to the relief granted in the 2004 Order, dated October 11, 2016; and a hearing having been held before the Court on December 6, 2016; and the Debtor, Witness and Kenneth P. Silverman,. Chapter 7 Trustee of the Debtor's estate (the "Trustee"), having appeared; and the Court having heard argument on the Motion, Subpoena and having considered the Objections of the Witness; and this Court having determined that certain of the relief requested on the Motion and the Subpoena is in the best interest of the Debtor's estate, creditors and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor; it is

**ORDERED,** that the Witness, through its counsel, shall, within 21 days of the entry of this Order, produce its profit and loss statements for the years 2014 and 2015 (the "Documents") to the Debtor; and it is further

**ORDERED**, that to the extent the Documents contain proprietary information, including tenant name and square footage rent, such Documents may be redacted by the Witness; and is further

**ORDERED**, that unless otherwise agreed to by the Movant, if the Witness withholds any documents from the production based upon a claim of privilege, the Witness is directed to provide counsel for the Movant with a privilege log, containing the information required under Bankruptcy Rule 7026 and E.D.N.Y. L.B.R. 7026-1, within fourteen (14) days of the service of a subpoena on the Witness; and it is further

**ORDERED**, that nothing herein shall limit the rights of the Witness under applicable law to object to or oppose any additional subpoena the Movant may serve upon the Witness; and it is further

**ORDERED**, that this Order is without prejudice to the Movant's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law; and it is further

**ORDERED**, that this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.



**Dated: December 16, 2016**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**